UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

JULIUS S. WATLER,                          )
                                           )
        Plaintiff,                         )
v.                                         )         No. 1:05-cv-292
                                           )         *Mattice/Lee*
COMMISSIONER GAYLE RAY;                    )
ASSOCIATE COMMISSIONER ROLAND              )
COLSEN,                                    )
                                           )
        Defendants.                        )

## MEMORANDUM

This is a *pro se* prisoner's civil rights action filed pursuant to 42 U.S.C. § 1983 by Julius S.

Watler ("Watler") against the now former Commissioner of the Tennessee Department of

Corrections and Associate Commissioner Roland Colsen [Court File No. 3].  As the Court

understands the allegations in the confusingly-pled complaint, Watler is claiming that the Tennessee

Department of Corrections (TDOC) and Southeast Tennessee State Regional Correctional Facility

(STSRCF) are not in compliance with the Religious Land Use and Institutionalized Persons Act

(RLUIPA).  Specifically, Watler requests "prayer time, clericle [sic] visits and phone calls, on a

equale [sic] basis[,]" and a Kosher diet.  In addition, Watler claims that on a "fast" day in August,

he received a breakfast bag with ham.  Watler also makes a claim of deliberate indifference to "some

of our medical needs" and includes allegations relating to situations that occurred at a different

facility several years ago.

Watler also requests that this lawsuit be considered a continuation of a § 1983 action he filed in 1996. The Court denies this request because this instant case contains allegations involving wrongdoing that occurred after 1996. It is plain that these are brand new allegations against different defendants and are not part of the earlier case. With respect to his allegations relating to conduct or events that occurred more than one year prior to the filing of *this* lawsuit, those contentions are time-barred under the relevant statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a)(1); *Jackson v. Richards Medical Co.*, 961 F.2d 575, 578 (6th Cir. 1992).

Further, Watler has moved for appointed counsel and to conduct discovery [Court File Nos. 4 and 5]. The motions will be **DENIED as MOOT** since, for the following reason, this case will be dismissed without prejudice.

## I.    *Application to Proceed In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Watler that he lacks sufficient financial resources at the present time to pay the required filing fee of $250.00. Watler is not relieved of the ultimate responsibility of paying the $250.00 filing fee. Since Watler is an inmate or prisoner in custody at STSRCF, in Pikeville, Tennessee, he will be **ASSESSED** the civil filing fee of $250.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Watler shall pay the full filing fee of two-hundred and fifty dollars ($250.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Watler's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment,

whichever is the greater of

      (a)      twenty percent (20%) of the average monthly deposits to Watler's inmate trust account; <u>or</u>

      (b)      twenty percent (20%) of the average monthly balance in Watler's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Watler's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden of STSRCF, the Custodian of Inmate Trust Fund Accounts at STSRCF, the current Commissioner of the Tennessee Department of Correction, George Little, and the Attorney General for the State of Tennessee to ensure the custodian of Watler's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Watler's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to

3

collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[1]

The plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II.    _Administrative Remedies_

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; _Hartsfield v. Vidor_, 199 F.3d 305, 308-309 (6th Cir. 1999); _Brown v. Toombs_, 139 F.3d 1102 (6th Cir.), _cert. denied_, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance procedure, a prisoner must still exhaust his institutional remedies. _Booth v. Churner_, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. _Porter v. Nussle_, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement _sua sponte_. _Brown_, 139 F.3d at 1104.

---

[1] **Send remittances to the following address:**

Clerk, U.S. District Court
P.O. Box 591
Chattanooga, TN  37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

4

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (6th Cir. May 11, 2000) (table decision), *available in* 2000 WL 659260 *1(citing *Brown*, 139 F.3d at 1104)). "A plaintiff who fails to allege exhaustion of administrative remedies with 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

**A.     Denial of Kosher Food**

In his complaint, Watler claims he is not being provided Kosher food and seeks "Kosher Food; [sic] compatible with the standards of 'The Union of Orthodox Organizations'" He also contends he was given a breakfast bag with ham on a "fast" day in August [Court File No. 3].

In the first grievance which is undated and virtually illegible, Watler, seemingly, is complaining he has been denied an opportunity to attend classes. In addition, it appears he is claiming he was not given the medical tests necessary to determine whether he met the qualifications for obtaining a food handler permit. However, he makes no claim concerning Kosher food in this grievance.

The grievance, which reflects a filing date of June 5, 2005, contains a general complaint that TDOC and STSRCF staff are violating Jewish and non-Jewish inmates' rights to obey God, according to the dictates of each faith. This grievance includes a complaint that TDOC is not in

compliance with RLUIPA and provides a suggestion as to the proper way to store Kosher food. The grievance which followed on June 20, 2005, contains a reference to *Cutter v. Wilkinson*, 125 S.Ct. 2113 (2005), and Watler's explanation that "[f]or me, and persons not of the Christian pursuation [sic], this means equale [sic] respect with the "Christian" faiths, clerical visits, time in the chaple to pray, dietary requirements met (Kosher)."[2] [Court File No. 1].

In grievance #170718, Watler claimed the institution was not in compliance with his religious needs. While there is no specific claim in this grievance, or in any of his other grievances, that he is being denied Kosher food, there is a reference to food in the response: "The food for the Jewish holiday was ordered, however, Aleph would not supply food for those individuals Inmate Watler had invited as guests to observe the holiday with him" [Court File No. 1]. The response further notes that the facility provides entrees to accommodate those inmates who want a pork-free diet; that "[e]very effort is made to allow inmates opportunities to practice their religion regardless of their belief;" but that "due to space and other limitations, all requests that go beyond the basics cannot be accommodated" [Court File No. 1].

As can be seen in the above discussion, Watler did not present the "Kosher food" claim in any of his grievances and, thereby, has failed to administratively exhaust it. Consequently, the

---

[2]        Watler's reliance on *Cutter* is misplaced. *Cutter* held that RLUIPA, which increased the level of protection of prisoners' and other incarcerated persons' religious rights, did not violate the Establishment Clause. The *Cutter* case did not hold that prisons are constitutionally required to provide each religious group with equal resources. Moreover, the applicable provision of RLUIPA only prohibits the government from imposing a substantial burden on the religious exercise of a person confined to an institution. Therefore, since Watler does not appear to be claiming the institution has imposed a substantial burden on his religious exercise, he has not made out a RLUIPA claim. His allegations that inmates of the Jewish faith are not afforded equal time to pray in church, equal phone calls, etc., may be an attempt to assert violations of the Equal Protection Clause of the Fourteenth Amendment, the Free Exercise Clause of the First Amendment, or some other provision.

PLRA prohibits the Court from allowing Watler to proceed on this claim.

### B.  Deliberate Indifference to Some Medical Needs

Watler claims he has been subjected to deliberate indifference for some of his medical needs. In an undated grievance, Watler claimed he was not tested for T.B. or any other medical problems to determine whether he could obtain a food handler's permit. To the extent the facts presented in this grievance are the same as those underlying the "deliberate indifference" claim, Watler did not appeal the grievance. Watler's failure to exhaust his administrative remedies, prevents this Court from considering this claim.

### C.  Equal Praying Time in Chapel, Clerical Visits, and Phone Calls

In his complaint, Watler requests "equal consideration/respect for Judaism, [sic] with all of the other faiths. Also, inforcement [sic] of the standards protecting us from any prijudice [sic]. . . for ... prayer time, clericle visits and phone calls, on a equale [sic] basis." [Court File No. 3, at 5].

As noted previously, Watler has submitted several grievances, some of which are illegible. One of the grievances was appealed and one was not. Although Watler explained, in his June 20, 2005 grievance, that his interpretation of *Cutter* meant he was entitled to equal praying time in the Chapel, equal clerical visits, and equal phone calls, he did not pursue a grievance claiming he was denied praying time in the Chapel, clerical visits, or phone calls. The Court does not find a grievance where Watler claimed he requested and was denied prayer time in the chapel, clerical visits, or phone calls. Consequently, Watler has not demonstrated that he administratively exhausted these claims.

Every claim raised in a prisoner's § 1983 complaint first must be exhausted through the grievance system; there is no provision in *Brown*, supra, for a "mixed" complaint. *Shorter v.*

*Campbell*, 59 Fed.Appx. 673 (6th Cir. 2003), (table decision) *available in* 2003 WL 463480, *2 (citing *Brown*, 139 F.3d at 1104).  The PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims.  *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

Accordingly, because Watler has failed to bear his burden of showing exhaustion as to each of his constitutional claims, a separate judgment will enter **DISMISSING** this action **WITHOUT PREJUDICE** for failure to exhaust administrative remedies.[3]

An appropriate judgment will enter.


                                        _s/ Harry S. Mattice, Jr._
                                         HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE

---

[3]     However, even if Watler did exhaust his administrative remedies, he would not be entitled to any relief under § 1983 because he has failed to present any specifics as to the identity of the person(s) who denied him equal praying time, equal clerical visits, equal phone calls, Kosher food, or medical treatment; to list the occasion(s) when he was denied time to pray in the chapel, clerical visits, phone calls, Kosher food, or medical treatment; or to explain the facts and circumstances surrounding each alleged instance of unconstitutional conduct.  Conclusory allegations such as these do not state a § 1983 claim.  *See Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) ("This court has held, in the context of a civil rights claim, that conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983.") (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)).

8